Gregory ERVIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2195.

Court of Appeals of Alaska.

Sept. 2, 1988.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Gregory Ervin, was convicted, following a jury trial, of sexual assault in the first degree, AS 11.41.410(a)(1), and kidnapping, AS 11.41.300(a)(1)(C). Following his conviction, Ervin entered a no contest plea to a charge of attempted sexual assault in the first degree, AS 11.41.410(a)(1); AS 11.31.-100. The first two charges arose out of an incident in which Ervin was charged with kidnapping and sexually assaulting H.G. on August 5, 1986. The third charge was a reduced charge based on an allegation that Ervin had sexually assaulted P.B. on July 15, 1986. Superior Court Judge James A. Hanson sentenced Ervin to fifteen years' imprisonment with seven years suspended for the sexual assault, fifteen years with seven years suspended for the kidnapping, and five years, presumptive, for the attempted sexual assault. Judge Hanson imposed the time to serve on all of these sentences to run concurrently. The suspended portions of these sentences, however, are to run consecutively. Ervin appeals the two convictions which resulted from his conviction at trial to this court. We reverse.

At trial the court gave the following jury instruction as Instruction No. 7 (emphasis added):

It is a defense to a charge of Sexual Assault in the First Degree that the defendant entertained a *reasonable and good faith belief* based upon the totality of the circumstances that the female person voluntarily consented to engage in sexual intercourse. If from all the evidence you have a reasonable doubt whether the defendant *reasonably and in good faith* believed she voluntarily consented to engage in sexual intercourse, you must give the defendant the benefit of that doubt and acquit him of said charges.

Ervin points out that the instruction which the trial court gave is incorrect. The state concedes that this "reasonable belief" instruction is erroneous because it suggests that the culpable mental state is negligence. We rejected a similar "reasonable belief" instruction in *Reynolds v. State*, 664 P.2d 621, 625 (Alaska App.1983). In that case we concluded that the state must show that the defendant acted recklessly in determining whether the alleged victim consented to the sexual activity. *Id. See also Reischman v. State*, 746 P.2d 912, 916

(Alaska App.1987); *Laseter v. State,* 684 P.2d 139, 142–43 (Alaska App.1984).

The state, however, does not concede that giving the erroneous instruction constituted reversible error. The state first contends that Ervin did not adequately preserve his objection to this instruction at trial, and therefore we should review this instruction under a plain error standard. Alaska R.Crim.P. 47(b).

Although the record is not as clear as we would prefer, on this record we find that Ervin adequately preserved his objection to Jury Instruction No. 7. First, Ervin proposed to the court an alternate Jury Instruction No. 7. Although this instruction was not a correct statement of the law, the defendant's proposed instruction was sufficient to focus the court's attention on the issue of the culpable mental state regarding the alleged victim's lack of consent to sexual penetration.[1] Furthermore, in the discussion on the record, Ervin's counsel directed the trial judge to the *Laseter* and *Reynolds* cases. It also appears that some of the discussion concerning the jury instructions was held in chambers and off the record.[2] From the discussion on the record, it appears that there may have been more discussion on Jury Instruction No. 7 which was not on the record. Furthermore, when counsel on the record asked the court if it wanted him to put more specific objections on the record, the court responded, "No. . . . You can elaborate to the appeals court, if there is a conviction." This exchange makes it difficult for us to fault defense counsel for not raising a more focused objection. Although it is not clear that trial counsel made his objection to Jury Instruction No. 7 crystal clear, the actions which he took appear to us to be sufficient to have directed the trial judge's attention to the error. *Pepsi Cola Bot-*

*tling Co. v. Superior Burner Serv. Co.,* 427 P.2d 833, 837 (Alaska 1967). We accordingly reject the state's contention that Ervin did not preserve his objection to Jury Instruction No. 7.

▮ Once we conclude that Ervin's counsel's actions at trial were sufficient to preserve his objection to Jury Instruction No. 7, it becomes clear that we must reverse Ervin's conviction. At trial Ervin argued that H.G. consented to the sexual contact. He also argued, however, that if she did not actually consent to the sexual contact, he believed from her actions that the sexual contact was consensual. In arguing the case to the jury, defense counsel referred to Jury Instruction No. 7 as a particularly important instruction and related the essence of that instruction to the jury. It therefore may have been critical that Ervin was entitled to a more favorable instruction than the one which the trial court gave.

The state points out that, in Jury Instruction No. 6, the court properly informed the jury of the correct culpable mental state, "recklessness":

> In order to establish the crime of Sexual Assault in the First Degree . . . it is necessary for the State to prove beyond a reasonable doubt the following:
>
> . . . .
>
> Fourth, that the defendant recklessly disregarded H.G.'s lack of consent to the sexual penetration.

The state also points out that in his summation to the jury, the assistant district attorney said that the state had to show that the defendant recklessly disregarded H.G.'s lack of consent to the sexual penetration. Moreover, the state contends that whether Ervin recklessly or negligent-

---

1. The defendant's proposed Instruction No. 7 read as follows:

    In order to find the defendant guilty of Sexual Assault in the First Degree, you must find that he was subjectively aware that the victim did not consent to sexual penetration. If from all the evidence you have a reasonable doubt as to the question whether the defendant believed that the victim consented to sexual penetration, you must give the defendant

the benefit of that doubt and find him not guilty.

2. At this point it is worth repeating the admonition of the Alaska Supreme Court in *City of Nome v. Ailak,* 570 P.2d 162, 166 n. 4 (Alaska 1977), "[w]e disapprove of off-the-record discussion between court and counsel concerning jury instructions. Such a practice makes our job needlessly more difficult."

ly disregarded H.G.'s lack of consent was not a significant issue in the case.

We do not believe the fact that Jury Instruction No. 6 gave the correct standard and the fact that the prosecutor stated in argument that the correct culpable mental state was recklessness are sufficient for us to find harmless error. Jury Instruction No. 7 was the instruction which most clearly dealt with the defendant's culpable mental state toward the alleged victim's lack of consent. It is therefore likely that the jury would have relied on this instruction if this issue became critical in the case. We accordingly do not find harmless error.[3] *See Love v. State,* 457 P.2d 622, 629–32 (Alaska 1969).

The judgment of the superior court is REVERSED.

---

**3.** Our disposition of this issue makes it unnecessary to decide the other issues which Ervin raises.